**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN BYRON ESTUPINAN,

    Petitioner

v.                                    CASE NO. 8:04-CV-2398-T-30TGW
                                                           8:03-CR-124-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court on a Motion to Amend the motion to vacate, set aside, or correct an allegedly illegal sentence filed by Petitioner, an inmate in a Federal penal institution proceeding *pro se,*[1] pursuant to 28 U.S.C. § 2255 (CV Dkt. 3). Petitioner was charged by indictment on April 2, 2003, with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, while onboard a vessel subject to the jurisdiction of the United States, contrary to the provisions of 46 App. U.S.C. §§ 1903(a), 1903(g) and 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. For your information, the Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the Prison Law Library. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two) (CR Dkt. 1).  Represented by court-appointed counsel (CR Dkt. 28), Petitioner entered into a written plea agreement pursuant to which he agreed to enter a plea of guilty to Count Two of the indictment in exchange for the Government's promise to dismiss Count One at sentencing (CR Dkt. 72 at 1-2).  On July 3, 2003, the Court accepted Petitioner's guilty plea (CR Dkt. 107).  On October 3, 2003, Petitioner was sentenced to a term of 168 months imprisonment, to be followed by a 36-month term of supervised release (CR Dkt. 140).  Judgment was entered on October 7, 2003 (CR Dkt. 141).

Petitioner filed his § 2255 motion on November 1, 2004 (CV Dkt. 1).  Petitioner's motion to amend his § 2255 motion is premised on two recent Supreme Court's holdings. *See United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial); *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 2537 (Jun. 24, 2004).       On February 17, 2005, the Eleventh Circuit entered a decision in *Varela v. United States* addressing the applicability of the Supreme Court's decision in *Blakely* and *Booker* to cases on collateral review, holding that:

> While neither this Court nor the Supreme Court has addressed the retroactivity of *Blakely* or *Booker* in the context of a § 2255 motion, the Supreme Court's recent decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is essentially dispositive. In *Schriro,* the Supreme Court concluded that the new requirement in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker,* is an application of *Apprendi*'s principles, does not apply retroactively to cases on collateral review. *Schriro,* 124 S.Ct. at 2526-27.

In *Ring,* the Supreme Court concluded that an Arizona law was unconstitutional under *Apprendi* because it placed in the hands of the judge the power to find any one of ten aggravating factors necessary to trigger the death penalty. The Supreme Court in *Ring* concluded that the Sixth Amendment gave a defendant the right to have a jury find such aggravating sentencing factors beyond a reasonable doubt. *Ring,* 536 U.S. at 609, 122 S.Ct. at 2443.

In *Schriro,* the Supreme Court analyzed the *Ring* rule under *Teague,* and concluded that *Ring*'s jury requirement on aggravating sentencing factors was a new rule of criminal procedure and not a substantive rule. *Schriro,* 124 S.Ct. at 2523. The Supreme Court noted that *Ring* did not alter the range of conduct that the Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Id.* The Supreme Court then stated that "[r]ules that allocate decisionmaking authority in this fashion are *prototypical procedural rules.* ..." *Id.* (emphasis added).

The Supreme Court's statements in *Schriro* regarding the *Ring* rule also apply to *Booker.* In *Booker,* a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756; *In re Anderson,* 396 F.3d 1336, at 1339 (11th Cir. 2005). Similar to the constitutional rule announced in *Ring,* the constitutional rule announced in *Booker* is a "prototypical procedural rule[]." *See Schriro,* 124 S.Ct. at 2523.

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro,* 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro,* the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal procedure," but the Court ultimately held that *Ring*'s "jury-not-judge" rule was not a "watershed rule[ ] of criminal procedure" to be applied retroactively. *Id.* at 2526. We now join the Seventh Circuit in concluding that the same is true of *Booker. McReynolds v. United States,* 397 F.3d 479, at 480 (7th Cir. 2005) (concluding that *Booker* does not apply retroactively to cases on collateral review and stating that "[a]lthough the Supreme Court did not address the retroactivity question in *Booker,* its decision in *Schriro v. Summerlin,* 542 U.S.

-3-

> ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is all but conclusive on the point").
>
> Therefore, as the Supreme Court concluded in *Schriro,* we conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review. *See Schriro,* 124 S.Ct. at 2526-27.

400 F.3d 864, 867-68 (11th Cir. 2005) (footnote omitted).  Applying the holding in *Varela*, the Court finds that granting Petitioner leave to amend his § 2255 motion would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Brewer- Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir. 2000) (motion to amend may be denied if amendment is futile).

**ACCORDINGLY**, the Court **ORDERS** that Petitioner's Motion to Amend (CV Dkt. 3) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 5, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished:
Counsel/Party of Record

SA:jsh